***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Margaret Morgan Holmes, along with the briefs and arguments on appeal. The appealing party has shown good ground to amend the prior Opinion and Award. Accordingly, the Full Commission REVERSES the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and subject matter.
2. At all times relevant to this claim, an employee-employer relationship existed between the plaintiff and defendant.
3. The plaintiff alleges an injury by accident on 3 August 1999 that resulted in her being unable to work from 3 August 1999 to the present and ongoing. The defendant denied that the plaintiff was injured by accident in the course and scope of her employment.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. The plaintiff began working for defendant as a certified nursing assistant in April 1999. In August of 1999, plaintiff was employed by the defendant as a medication technician.
2. On 3 August 1999, the plaintiff and a co-worker, Sandra Etheridge, moved a large patient from the patient's bed to a wheelchair. Plaintiff testified at the hearing that she felt a pop and felt a pain in her back while lifting the patient and that she grunted when she felt this pain in her back.
3. Plaintiff previously received treatment at Wake Medical Center for back pain in December of 1996 and October of 1997. Plaintiff did not testify otherwise.
4. A pre-existing back condition, if any, however, did not cause plaintiff any disability prior to 3 August 1999.
5. Coincidentally, plaintiff had a previously scheduled appointment at Wake Med for an unrelated gastro-intestinal problem on 3 August 1999. The doctor's note from that appointment shows that plaintiff complained of low back pain, and reads "strained lifting at work today." Plaintiff was prescribed Flexeril and instructed to rest.
6. Upon waking on the morning of the 4 August 1999, plaintiff's pain was much worse. However, plaintiff could not get another appointment at Wake Med until 11 August 1999.
7. Plaintiff's "intake sheet" from the 11 August 1999 visit to Wake Med corroborates plaintiff's testimony and the earlier medical records. Her records from this visit also indicate pain radiating from her lower back into her left flank and left buttock, with intermittent pain in her legs. Plaintiff was prescribed Percocet, Valium, and Motrin, was told to return within a week, and was told to avoid heavy lifting for two weeks.
8. Plaintiff returned to Wake Med on 19 August 1999. She was given prescriptions for more Percocet and Valium.
9. Plaintiff had another appointment at Wake Med on 24 August 1999. The notes from this visit indicate that plaintiff was suffering left leg and low back pain as a result of the 3 August 1999 lifting incident. Plaintiff also had numbness on her left side. The notes indicate a possibility of nerve impingement.
 Plaintiff again visited Wake Med on 27 August 1999. Plaintiff's history of a 3 August 1999 lifting injury at work is again clear in the medical notes. Furthermore, plaintiff indicated that she had recently fallen in a parking lot because her left leg gave out. Plaintiff continued to undergo treatment and therapy at Wake Med until 17 September 1999, when she saw Dr. Nelson at the Raleigh Orthopedic Clinic.
11. Dr. Nelson examined plaintiff and immediately ordered an MRI to explore the possibility of sciatica. The MRI was performed on 4 February 2000 and indicated a L4-5 herniation. Dr. Nelson indicated that plaintiff was a surgical candidate. Dr. Nelson also causally related the herniation to the 3 August 1999 injury.
12. The evidence of record indicates that defendant-employer had actual notice of plaintiff's 3 August 1999 injury within two days. Plaintiff's husband delivered plaintiff's physical restriction note that was immediately posted in defendant's workplace. Furthermore, plaintiff's husband asked for an incident report to fill out regarding the injury but was given a form that seemed to contemplate injuries by patients rather than workers. Plaintiff's husband asked about this problem but was rebuffed.
 Plaintiff has been unable to work since the injury of 3 August 1999.
 Plaintiff's average weekly wage at the time of the injury was $277.98, yielding a compensation rate of 185.32.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 3 August 1999, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. N.C.G.S. § 97-2(6).
2. As a result of her compensable injury on 3 August 1999, plaintiff is entitled to total disability compensation from 4 August 1999 and continuing until such time as she returns to work or further order of the Commission. N.C.G.S. § 97-29.
3. Plaintiff is entitled to have defendant pay for medical treatment related to the 3 August 1999 injury, and for such additional treatment as may be reasonably necessary to effect a cure or give relief. N.C.G.S. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the counsel fees hereinafter approved, defendants shall pay plaintiff compensation benefits at a rate of $185.32 per week beginning 4 August 1999 and continuing until plaintiff returns to work or further order of the Industrial Commission.
2. Defendant shall pay medical expenses incurred, or to be incurred, by plaintiff as a result of the 3 August 1999 injury.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff under paragraph 1 of this AWARD shall be deducted from that sum and paid to plaintiff's counsel. Thereafter, every fourth check for compensation shall be paid directly to plaintiff's counsel.
4. Defendant shall pay the costs of this appeal.
 S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________________________ THOMAS JEFFERSON BOLCH COMMISSIONER
S/_____________________________ DIANNE C. SELLERS COMMISSIONER